# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL
RIGHTS AS TO G.J.M. AND F.M.,
MINORS UNDER 18 YEARS OF AGE.

No. 83928

FILED

SEP 15 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

MARYANN B.N.,
Appellant,
vs.
STATE OF NEVADA DEPARTMENT
OF FAMILY SERVICES; G.J.M.; AND
F.M.,
Respondents.

## ORDER OF AFFIRMANCE

This is an appeal from a district court order terminating appellant's parental rights as to two of her children. Eighth Judicial District Court, Family Court Division, Clark County; Margaret E. Pickard, Judge.[1]

Appellant Maryann B.N. is the natural mother of five minor children.[2] The two children that are the subject of this appeal, G.J.M. and F.M., came into the custody of respondent State of Nevada Department of Family Services (the Department) in 2016 when their younger sibling tested positive for methamphetamine at birth. At that time, the Department presented substantial evidence that Maryann had neglected the children by

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary, NRAP 46A(c), and that oral argument is not warranted, NRAP 34(f)(3). This appeal therefore has been decided based on the pro se brief and the record. NRAP 34(f)(3).

[2]The parental rights of the children's fathers and Maryann's parental rights as to her other children are not at issue in this appeal.

22-28921

routinely leaving them in the care of others to provide for their basic needs. After 18 months, during which the children were placed with fictive kin (A.M.), the district court ordered the children be returned to Maryann's care. Even though they were returned to her care, the children still primarily lived with A.M., though they occasionally resided with Maryann for short periods of time.[3] In February 2020, the children came into the Department's custody again after Maryann reportedly hit one of the children in the face and, a few days later, failed to pick the children up from school. The Department placed the children with A.M. again and created a case plan to help Maryann address her mental health, domestic violence, and substance abuse issues. After approximately a year and a half, the Department petitioned to terminate Maryann's parental rights, which the district court granted, finding multiple grounds of parental fault and that termination was in the children's best interest. Maryann now appeals.

To terminate parental rights, the district court must find clear and convincing evidence that (1) at least one ground of parental fault exists, and (2) termination is in the child's best interest. NRS 128.105(1); *In re Termination of Parental Rights as to N.J.*, 116 Nev. 790, 800-01, 8 P.3d 126, 132-33 (2000). On appeal, this court reviews questions of law de novo and the district court's factual findings for substantial evidence. *In re Parental Rights as to A.L.*, 130 Nev. 914, 918, 337 P.3d 758, 761 (2014).

Maryann first argues that the district court erred by terminating her parental rights because the Department did not demonstrate that it made reasonable efforts to reunite her with the

---

[3]The children have lived with A.M. for most of their lives.

children.[4]  *See* NRS 432B.393 (requiring the Department to "make reasonable efforts to preserve and reunify the family of a child" in the Department's custody).  But the district court properly waived the reasonable efforts requirement because this was the second time the children were removed from Maryann's care due to concerns of abuse and neglect.  *See* NRS 432B.393(3)(d) (providing that reasonable efforts are not required if the child was "previously removed from the home, adjudicated to have been abused or neglected, returned to the home and subsequently removed from the home as the result of additional abuse or neglect").  Regardless, the Department made numerous efforts to engage Maryann in services so that it could safely return the children to her care.  *See* NRS 432B.393(1)(b), (2) (providing that the Department's reasonable efforts should be focused on "the health and safety of the child" and "mak[ing] it possible for the safe return of the child to the home").

Further, substantial evidence supports the district court's parent fault findings of unfitness, token efforts to care for the children, and failure of parental adjustment.[5]  Maryann demonstrated parental unfitness

---

[4]Maryann's argument that we must reverse because she was not always represented by counsel below fails as there is no right to counsel in parental rights termination proceedings. *In re Parental Rights as to N.D.O.*, 121 Nev. 379, 388, 115 P.3d 223, 225 (2005).  Further, the record reflects that the district court appointed three separate attorneys to represent her, and she was represented by counsel at trial. *See* NRS 128.100(3) (providing that the district court *may* appoint an attorney to represent a parent in termination proceedings).

[5]While Maryann does not clearly challenge the district court's findings regarding parental fault, we address those findings to the extent her arguments could be construed as such.  Because only one ground of parental fault is required to support the termination of parental rights, *see*

by her repeated domestic violence and substance abuse issues, which prevented her from providing adequate care for the children.[6] *See* NRS 128.018 (defining an "unfit parent" as a parent "who, by reason of the parent's fault or habit or conduct . . . fails to provide [their] child with proper care, guidance and support"). Because the children had resided out of her care for more than 14 of 20 consecutive months, the district court properly applied the statutory presumption that Maryann had only engaged in token efforts to care for the children. *See* NRS 128.109(1)(a) (providing that it is presumed that a parent has only made token efforts when the children have resided outside of the parent's care for more than 14 of 20 consecutive months). And we agree with the district court that Maryann did not rebut that presumption, given that she provided no support for the children while they were out of her care; maintained inconsistent contact with the children; and made minimal efforts to engage in services to help address her mental health, domestic violence, and substance abuse issues. *See In re Parental Rights as to D.R.H.*, 120 Nev. 422, 432-32, 92 P.3d 1230, 1237 (2004) (concluding that a parent's "failure to adequately address her

---

NRS 128.105(1)(b) (requiring a finding of at least one ground of parental fault), we need not review all of the district court's parental fault grounds.

[6]To the extent Maryann argues the district court based its decision on falsified evidence, that argument is belied by the record as substantial evidence supports the district court's factual findings and credibility determinations are for the district court to make. *See In re N.J.*, 116 Nev. at 795, 8 P.3d at 129 ("This court will uphold termination orders based on substantial evidence."); *see also In re Parental Rights as to C.J.M.*, 118 Nev. 724, 732, 58 P.3d 188, 194 (2002) (explaining that this court will not substitute its judgment for the district court's credibility determinations because "the trial court was in a position to observe the demeanor of the parties and weigh their credibility").

drug problem" despite being provided with "extensive drug rehabilitation services" supported a district court's token efforts finding). Additionally, substantial evidence supports the district court's finding of a failure of parental adjustment, given that Maryann refused to take responsibility for the conditions which led to the children being removed from her care, she failed to substantially comply with her case plan by only briefly engaging in services, and she neglected to provide the Department "with proof of economic or residential stability." *In re Parental Rights as to A.J.G.*, 122 Nev. 1418, 1428-29, 148 P.3d 759, 766 (2006); *see also* NRS 128.0126 (defining "failure of parental adjustment").

Based on the length of time the children were outside of Maryann's care, the district court also properly applied the statutory presumption that termination was in the children's best interest. *See* NRS 128.109(2) (providing that termination of parental rights is presumed to be in a child's best interest if that child has been placed outside of the parent's home for 14 of any consecutive 20 months). We further conclude that the district court properly found that Maryann failed to rebut that presumption because she did not "show that there was a reasonable prospect that [s]he could provide for the minor children's basic needs in a reasonable period of time." *In re Parental Rights as to M.F.*, 132 Nev. 209, 217-18, 371 P.3d 995, 1001 (2016). Maryann produced no evidence that she had current employment or other resources to maintain stable housing or meet the children's other basic needs. And the record demonstrates that since being removed from Maryann's care, the children have enjoyed a stable home life with A.M., who has provided for all of their "food, clothing and medical care" needs. NRS 128.108(3)-(4). Indeed, the record shows that the children are thriving in A.M.'s home, they are well-bonded to her and are fully integrated

into her family, and A.M. is committed to adopting them.[7] *See* NRS 128.108 (providing that when a child is placed with an adoptive resource, the district court "shall consider whether the child has become integrated into the foster family . . . [and] whether the foster family is able and willing . . . to treat the child as a member of the family"). Thus, substantial evidence also supports the district court's finding that terminating Maryann's parental rights was in the children's best interest. Based upon the foregoing, we

ORDER the judgment of the district court AFFIRMED.[8]

_____, C.J.
Parraguirre

_____, J.          _____, Sr.J.
Cadish                                Gibbons

cc:     Hon. Margaret E. Pickard, District Judge, Family Court Division
        Maryann B.N.
        Allen Lichtenstein
        Clark County District Attorney/Juvenile Division
        Eighth District Court Clerk

---

[7]To the extent Maryann suggests that the district court failed to properly consider the children's best interests because the children did not testify at trial, we note that children are not required to testify and that the children in this case were represented by counsel below.

[8]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.